1 | **JODI DENISE THORP**
California State Bar No. 223667
2 | 427 "C" Street, Suite 300
San Diego, California 92101
3 | Telephone: (619) 233-3169
Fax: (619) 223-3569
4 | email: jodithorp@thorplawoffice.com

5 | Attorneys for Steve Cutherbertson

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE BARRY TED MOSKOWITZ)**

11 | UNITED STATES OF AMERICA,　　　)　　　CASE NO. 07CR3140-BTM
　　　　　　　　　　　　　　　　　　)
12 | 　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　DATE: December 21, 2007
13 | v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　TIME: 1:30 p.m.
14 | STEVE CUTHBERTSON　　　　　　　)
　　　　　　　　　　　　　　　　　　)
15 | 　　　　　Defendant.　　　　　　　)　　　NOTICE OF MOTION AND MOTION TO
　　　　　　　　　　　　　　　　　　)
16 | 　　　　　　　　　　　　　　　　　)　　　1) COMPEL PRODUCTION OF DISCOVERY;
　　　　　　　　　　　　　　　　　　)　　　2) GRANT LEAVE TO FILE FURTHER
17 | _____)　　　　　MOTIONS

18

19 | TO:　　KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
　　　　　PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY.

20 | 　　　　PLEASE TAKE NOTICE that on Friday, December 21, 2007 at 1:30 p.m., or as soon thereafter as

21 | counsel may be heard, Steve Cuthbertson, by and through his counsel, Jodi Denise Thorp, will ask this Court

22 | to enter an order granting the following motions.

23

24

25

26

27

28

# MOTIONS

Steve Cuthbertson, by and through his counsel, Jodi Denise Thorp moves this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order:

      (1)     Compelling Production of Discovery; and

      (2)     Granting Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,


Dated: December 20, 2007          **JODI DENISE THORP**
                                    Attorneys for Mr. Cuthbertson

07CR3140-BTM

1  **JODI DENISE THORP**
   California State Bar No. 223667
2  427 "C" Street, Suite 300
   San Diego, California  92101
3  Telephone:  (619) 233-3169
   Fax: (619) 223-3569
4  email: jodithorp@thorplawoffice.com

5  Attorneys for Steve Cutherbertson

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10               **(HONORABLE BARRY TED MOSKOWITZ)**

11  UNITED STATES OF AMERICA,        )    CASE NO. 07CR3140-BTM
                                     )
12         Plaintiff,                )
                                     )    DATE: December 21, 2007
13  v.                               )
                                     )    TIME: 1:30 p.m.
14  STEVE CUTHBERTSON                )
                                     )
15         Defendant.                )    MEMORANDUM OF POINTS AND AUTHORITIES
                                     )    IN SUPPORT OF MOTION
16                                   )
                                     )
17  _____ )

18

19                                   **I.**

20

21      **THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE.**

22

23      Defendant requests the preservation of all physical evidence in this case.  This includes any evidence

24  that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its

25  private contractors) in this case.  United States v. Riley, 189 F.3d 802, 806-808 (9th Cir.1999).  This request

26  includes, but is not limited to: (1) any money seized; (2) the results of any fingerprint analysis; (3) the

27  defendant's personal effects; (4) the agents' rough notes; (5) any radio broadcast, if it is recorded; and (5) any

28  evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants).  This request

1  also includes any material or percipient witnesses who is likely to become unavailable.  Defendant requests

2  that government counsel be ordered to notify the agencies and private contractors with custody of such

3  evidence be informed of the Court's preservation order.

4                                                    **II.**

5                        **THIS COURT SHOULD COMPEL DISCOVERY.**

6

7          Mr. Cuthbertson moves for the production by the government of the following discovery.  This request

8  is not limited to those items about which the prosecutor knows, but includes all discovery listed below that

9  is in the custody, control, care, or knowledge of any government agency.  See generally Kyles v. Whitley, 514

10  U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).  Mr. Cuthbertson specifically

11  requests, any bank manuals on how to respond to bank robberies, DMV photos, bank surveillance tapes, any

12  digital photos, videos, CD Roms, bank certifications, and any colored photo-lineups.

13          1.        **The Defendant's Statements.**  The Government must disclose to the defendant all copies of

14  any written or recorded statements made by the defendant; the substance of any statements made by the

15  defendant which the Government intends to offer in evidence at trial; any response by the defendant to

16  interrogation; the substance of any oral statements, whether recorded or not, which the Government intends

17  to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten

18  notes of the Government agent; any response to any Miranda warnings which may have been given to the

19  defendant; and any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A).  The Advisory

20  Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the

21  defendant's statements, whether oral or written, regardless of whether the government intends to make any

22  use of those statements.

23          2.        **Arrest Reports, Notes and Dispatch Tapes.**  The defense also specifically requests that all

24  arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or

25  any questioning, if such reports have not already been produced in their entirety, be turned over to him.  This

26  request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in

27  which statements of the defendant or any other discoverable material is contained.  This is all discoverable

28  under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v.

United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C)), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

**3.    Brady Material.**  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**4.    Any Information That May Result in a Lower Sentence.**  As discussed above, any information which may result in a more favorable sentence must also be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  The Government must disclose any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

**5.    The Defendant's Prior Record.**  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record.

**6.    Any Proposed 404(b) Evidence.**  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C)) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.  Although there is nothing

intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial.  United States v. Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

**7.    Evidence Seized.** Physical evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

**8.    Henthorn Material.**  The defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.  The defendant further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial.  If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

**9.    Tangible Objects.**  The defendant requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).  Specifically, the defendant requests copies of all photographs in the government's possession of the alleged compartment.

**10.    Expert Witnesses.** The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description of the witness' opinion(s), as well

as the bases and the reasons for the opinion(s).  See United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).  This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that she understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with the defendant or any other witness.

The defense requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert.  See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings")

**11.    Impeachment evidence.**  The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under Brady v. Maryland, supra.  See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

**12.    Evidence of Criminal Investigation of Any Government Witness.** The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

**13.    Evidence of Bias or Motive to Lie.**  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

**14.    Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.**  The

1  defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show

2  that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and

3  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

4  alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213,

5  224 (4th Cir. 1980).

6      **15.**  **Witness Addresses**.  The defense requests the name and last known address of each

7  prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States

8  v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);

9  United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The

10 defendant also requests the name and last known address of every witness to the crime or crimes charged (or

11 any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

12 United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

13     **16.**  **Name of Witnesses Favorable to the Defendant.**  The defendant requests the name of any

14 witness who made any arguably favorable statement concerning the defendant or who could not identify her

15 or who was unsure of her identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d

16 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d

17 1164,1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086

18 (1980).

19     **17.**  **Statements Relevant to the Defense.**  The defendant requests disclosure of any statement that

20 may be "relevant to any possible defense or contention" that she might assert.  United States v. Bailleaux, 685

21 F.2d 1105 (9th Cir. 1982).  This includes Grand Jury transcripts which are relevant to the defense motion to

22 dismiss the indictment.

23     **18.**  **Jencks Act Material.**  The defendant requests production in advance of th emotion hearing

24 or trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks

25 Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.   A verbal acknowledgment that "rough" notes constitute

26 an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under

27 section 3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v.

28 Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an

agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow the defendant to investigate the Jencks material. Defendant requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

**19.   Giglio Information.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

**20.   Agreements Between the Government and Witnesses**. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

**21.   Informants and Cooperating Witnesses.** The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

**22.   Bias by Informants or Cooperating Witnesses.** The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

**23.   Personnel Records of Government Officers Involved in the Arrest.** Defendant requests

1   all citizen complaints and other related internal affairs documents involving any of the law enforcement

2   officers who were involved in the investigation, arrest and interrogation of Defendant.  See Pitchess v.

3   Superior Court, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense

4   counsel will be unable to procure them from any other source.

5          **24.**    **Training of Relevant Law Enforcement Officers.**  Defendant requests copies of all written,

6   videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement

7   agencies involved in the case to their employees regarding the questioning of suspects and witnesses.

8          **25.**    **Opportunity to View and Photograph the Evidence Seized.**  Defendant hereby requests an

9   opportunity to view and photograph any evidence allegedly confiscated in this case.

10         **26.**    **Residual Request.**  The defense intends by this discovery motion to invoke his rights to

11  discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

12  and laws of the United States.  This request specifically includes all subsections of Rule 16.  The defendant

13  requests that the government provide him and his attorney with the above requested material sufficiently in

14  advance of trial.

15                                        **III.**

16                 **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

17         Mr. Cuthbertson requests leave to file further motions as may be necessary.

18                                        **IV.**

19                                   **CONCLUSION**

20         For the foregoing reasons, Mr. Cuthbertson respectfully requests that the Court grant the above

21  motions.

22                                        Respectfully submitted,

23

24

25

26  Dated: December 20, 2007                    **JODI DENISE THORP**
                                                Attorneys for Mr. Cuthbertson

27

28