```
 1  KAREN P. HEWITT
    United States Attorney
 2  PETER J. MAZZA
    Assistant U.S. Attorney
 3  California State Bar No. 239918
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-5528
    peter.mazza@usdoj.gov
 6
    Attorneys for Plaintiff
 7  UNITED STATES OF AMERICA

 8

 9                      UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11
    UNITED STATES OF AMERICA,    )   CASE NO.  07CR3140-BTM
12                               )
                                 )   DATE:      January 18, 2008
13           Plaintiff,           )   TIME:      1:30 p.m.
                                 )
14                               )   STATEMENT OF FACTS AND MEMORANDUM OF
             v.                  )   POINTS AND AUTHORITIES IN SUPPORT OF
15                               )   GOVERNMENT'S MOTIONS FOR RECIPROCAL
                                 )   DISCOVERY AND TO COMPEL FINGERPRINT
16  STEVE VICTOR CUTHBERTSON,    )   EXEMPLARS
                                 )
17                               )
             Defendant.          )
18                               )
    _____)
19
```

20      COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and
21 through its counsel, KAREN P. HEWITT, United States Attorney, and
22 Peter J. Mazza, Assistant United States Attorney, hereby files the
23 attached statement of facts and memorandum of points and authorities
24 in support of Government's motion for reciprocal discovery and
25 fingerprint exemplars.
26 //
27 //
28 //

**I**

**STATEMENT OF THE CASE**

On November 15, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Steve Victor Cuthbertson ("Defendant") with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

On December 3, 2007, the Government produced in discovery 55 pages of written materials, one audio tape, and one dvd. This discovery constitutes the full amount of discoverable information the Government has to date. Specifically, it includes: 1) reports generated in response to the ongoing investigation; 2) photographs; 3) Defendant's criminal history; 4) dvd of the beginning of Defendant's post-arrest interview; and 5) audio tape of the remainder of Defendant's post-arrest interview. The Government will continue to fulfill its discovery obligations.

**II**

**STATEMENT OF FACTS**

**A.     THE INSTANT OFFENSE**

On September 15, 2007, at approximately 12:41 p.m., a white male robbed the Bank of America branch located at 845 North Second Street, El Cajon, California ("Bank of America"). The robber approached the teller window of Monette Quintanilla ("victim teller") and gave her a yellow 3" x. 5" "Post-It" note, which read: "Follow these Instructions and everything will be okay I want all your $20, $50, $100 Bills, No Bait money. Do this quickly" [sic]. The victim teller complied with the robber's instructions by placing currency in $20 and $50 denominations on the teller counter, and did not include any bait money. While she was emptying her teller drawer,

1  the robber stated: "Hurry up! Hurry up!" The robber grabbed the
2  money, exited the bank via the south lobby doors, and fled in an
3  unknown direction. The robber left the demand note behind.
4      The bank suffered a loss of $4,542.00 as a result of the
5  robbery. At the time of the robbery, the bank's deposits were
6  insured by the Federal Deposit Insurance Corporation (FDIC). The
7  victim teller failed to activate the bank's alarm, but immediately
8  notified her supervisor of the robbery. Bank surveillance cameras
9  obtained high-quality pictures of the robber, which included his
10 clothing and the dark-colored hiking boots he wore during the
11 robbery.
12     The victim teller described the robber as follows: white, male,
13 mid-30s, approximately 5'8", heavyset/chunky build, flushed
14 complexion, plaint white t-shirt, jean shorts, sunglasses and running
15 shoes.
16     On November 1, 2007, the El Cajon Police Department Crime
17 Laboratory reported that it was able to lift latent fingerprints from
18 the demand note the robber left at the bank. A subsequent search of
19 the Integrated Automated Fingerprint Identification System (IAFIS)
20 returned a match for Defendant based on his 1998 conviction for
21 growing/cultivating marijuana plants.
22     Further investigation of Cuthbertson's record revealed that a
23 missing person's report had been filed by his sister on July 22,
24 2007, with the La Mesa Police Department. The report indicated that
25 he was eventually found to be living with a friend named Mike
26 Bagialo. A search of Bagialo's information indicated that his last
27 known address was 1518 Sams Hill, Unit #59, El Cajon, California.
28 Agents and detectives conducted surveillance of the location on

1 consecutive days just prior to his arrest that revealed a pick-up
2 truck matching a vehicle registered to Rolfe and Gloria Cuthbertson
3 in the driveway. On November 6, 2007, agents went to this location
4 to investigate further Cuthbertson's whereabouts.

5   Upon arriving at the Sams Hill residence, Agent Hemmen and El
6 Cajon Police Department Detective Mark Barber knocked on the door.
7 A white male matching Cuthbertson's description opened the door.
8 Detective Barber identified himself and asked the individual his
9 name, to which the individual responded, "Steve." Detective Barber
10 asked him for his last name, and he responded, "Cuthbertson." Agent
11 Hemmen and Detective Barber entered the residence with Defendant's
12 consent. No one else was present other than Defendant. Defendant
13 gave Agent Hemmen and Detective Barber consent to search the bedroom
14 where he kept his personal belongings.

15   Agent Hemmen and Detective Barber searched the bedroom. Among
16 Defendant's personal items in the room were a pair of Timberland
17 hiking boots that appeared identical to the hiking boots worn by the
18 bank robber in the surveillance photographs. The boots were seized
19 as evidence. No other items worn by the individual in the bank
20 surveillance photographs were located during the search. Agent
21 Hemmen and Detective Barber placed Defendant under arrest.

22   On November 6, 2007, at approximately 11:30 a.m., Detective
23 Barber and Agent Hemmen interviewed Defendant. Defendant was
24 informed of his <u>Miranda</u> rights and agreed to make a statement.
25 Defendant admitted to robbing a Bank of America branch located in El
26 Cajon, California. Defendant further stated that on the day of the
27 robbery, he entered the bank on three separate occasions, the third
28 entry for the purpose of robbing the bank. He stated that he entered

the bank and waited in line for the next available teller. He recalled handing the bank teller a demand note once he had approached the teller counter, but could not remember the type of paper or what he had written. He stated that after he took the money, he exited the bank and drove away in his truck. He informed agents that he used most of the $4,542 to purchase alcohol over the last two months.

### III

### GOVERNMENT'S MOTIONS

A.   **MOTION FOR RECIPROCAL DISCOVERY**

    1.   **RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with its obligations for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems

necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.    RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant.  This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified.  To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.    Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated.  The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial.  See United

1 | States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004)
2 | (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir.
3 | 2001)). Furthermore, an order requiring Defendant to provide
4 | fingerprint exemplars does not infringe on Defendant's Fifth
5 | Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71
6 | (1966) (the Fifth Amendment privilege "offers no protection against
7 | compulsion to submit to fingerprinting"); Williams v. Schario, 93
8 | F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the
9 | absence of Miranda warnings did not constitute testimonial
10 | incrimination as proscribed by the Fifth Amendment).

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: January 5, 2008.

                                      Respectfully Submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/ Peter J. Mazza
                                      PETER J. MAZZA
                                      Assistant U.S. Attorney
                                      Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE VICTOR CUTHBERTSON,<br><br>        Defendant. | Case No. 07CR3140-BTM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Jodi Thorp, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on January 5, 2008.

                                            /s/ Peter J. Mazza
                                            PETER J. MAZZA